UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

In the matter of the Petition for Writ of Habeas Corpus for Hillary J. Poole

| | |
|---|---|
| HILLARY J. POOLE, and her natural parents THOMAS S. POOLE and KRISTEEN M. POOLE, <br><br> Petitioners <br><br> vs. <br><br><br> PETE GEREN, Secretary of the U.S. Army and MAJOR GENERAL GREGG S. MARTIN Commanding General, U.S. Army Fort Leonard Wood, Missouri, <br><br> Respondents | Case No: 09-3267-CV-S-RED |

**SUUGESTIONS IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Hillary J. Poole was unlawfully enlisted in the United States Army without the written consent of her father. By federal statute and Army regulations, Respondents are required to discharge her. They have failed to do so. Absent intervention by this Court, Hillary will be required to report on July 30, 2009 to the airport in Syracuse, New York, for a flight to St. Louis, whereupon she will be transported to a military facility in Germany, and thereafter, during October 2009, she will be deployed to Afghanistan. Given the high likelihood that petitioners will succeed on the merits, the threat of irreparable harm to petitioners, the balance of harm, and the public interest, injunctive relief is appropriate.

I.   Standard for Injunctive Relief

The Eighth Circuit has consistently held that there are four factors to consider in determining whether to issue a preliminary injunction: " (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the interest of the public." *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).  Courts use the same criteria in considering whether to issue a temporary restraining order.  *See Glenwood Bridge, Inc. v. City of Minneapolis*, 940 F.2d 367 (8th Cir. 1991).

The "[f]actors are not a rigid formula ... 'The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" *Branstad v. Glickman*, 118 F.Supp.2d 925, 938 (N.D. Iowa 2000) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)). No single factor is dispositive of a request for an injunction; the Court considers all of the factors and decides whether "on balance, they weigh towards granting the injunction." *Baker Elec. Co-Op, Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir.1994) (*quoting Calvin Klein Cosmetics Corp. v. Lenox Lab.*, 815 F.2d 500, 503 (8th Cir.1987).

"The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Kansas City Southern Trans. Co., Inc. v. Teamsters Local Union # 41*, 126 F.3d 1059, 1065 (8th Cir.1997) (internal quotation omitted). Petitioners seek a temporary restraining order and preliminary injunction to preserve the status quo until this Court may grant them full relief on their petition for writ of habeas corpus.

II.   Petitioners are likely to succeed on the merits

On April 24, 2009, Petitioners Thomas and Kristeen Poole exercised their right pursuant to 10 U.S.C. § 1170 to apply for the discharge of Hillary Poole based on her enlistment without the written consent of her father. By statute and by Army regulations, a minor cannot lawfully enlist without the written consent of both parents and must be discharged upon a timely request of her parents if she is enlisted without the requisite consent.

Thomas Poole is Hillary Poole's father. *Verified Pet.* at ¶ 3. He did not give his written consent to his daughter's enlistment in the armed forces. *Id.* at ¶ 8. He and his wife made a timely request for her daughter's separation. *Id.* at ¶ 12.1

Based on these facts, Petitioners are likely to prevail on the merits. There is no right to enlist in the armed services. *Lindenau v. Alexander*, 663 F.2d 68 (10th Cir. 1981); *Crawford v. Cushman*, 531 F.2d 1114 (2d Cir. 1976). "The qualifications for entry into the armed forces is a matter for Congress to determine. Congress has delegated by statute the implementation of this control to the Secretary of the Army (10

---

1 The petitioners have provided the consent form that purports to bear Thomas' signature to Lynda Hartwick, a retired police officer and certified forensic document examiner, in Lake Ozark, Missouri. Ms Hartwick is engaged in a technical examination of the document. The petitioners anticipate being able to provide the Court and the respondents with Ms Hartwick's affidavit regarding the genuineness of Thomas' signature on Tuesday, July 28, 2009. Ms Hartwick was unable to complete her work prior to the commencement of this action because of a medical issue and because of her commitments in connection with an unrelated case in which she is scheduled to testify on July 27, 2009.

U.S.C. (§§ 505(a) and 510(b)). See *Brown v. Glines*, 444 U.S. 348 [(1980)]. The composition of the armed forces is a matter for Congress and the Military. *Gilligan v. Morgan*, 413 U.S. 1 [(1973)]." *Lindenau*, 663 F.2d at 73.

While Congress has largely delegated its authority to determine qualifications, it has limited the Secretary's discretion with respect to minors: "[N]o person under eighteen years of age may be originally enlisted without the written consent of his parent or guardian, if he has a parent or guardian entitled to his custody and control." 10 U.S.C. § 505.

The Army has additional regulations regarding juvenile soldiers. When a minor's parents are married, and except in other circumstances not present in this case, "Parents['] … signature[s] are required to process a minor applicant for enlistment[.]" AR 601-270, 3-11a. The regulations are clear: "Both parents must sign the form." AR 601-210, 2-3a(2)(c). "The consent of parents or guardian must be, in writing, before physical examination or enlistment. Enlistment is not authorized if either parent objects. However, if only one parent is entitled to custody and control of the applicant (for example, by reason of a divorce decree), then only that parent's consent is required." AR 601-210a(2)(a). Thomas and Kristeen Poole are married and, accordingly, both are entitled to custody and control of their daughter. NY DOM REL § 81. Thus, the written consent of both Thomas and Kristen Poole was required before their daughter could enlist as a minor.

10 U.S.C. § 1170 provides: "Upon application by the parents or guardian of a result enlisted member of an armed force to the Secretary concerned within 90 days after the member's enlistment, the member *shall be discharged* for his own convenience, with the pay and form of discharge certificate to which his service entitles

him, if-- (1) there is evidence satisfactory to the Secretary concerned that the member is under eighteen years of age; and (2) the member enlisted without the written consent of his parent or guardian." (emphasis added). The Army has adopted parallel regulations: "A solider *will be released* from custody and control of the Army for minority upon application of his/her parents or guardian made within 90 days after the soldier's enlistment... if-- (1) There is satisfactory evidence that the soldier is under 18 years of age. (2) The solider enlisted without the written consent of his/her parents or guardian." AR 635-200, 7-4(b)(emphasis added). *See also* DoDI 1332.14 (August 28, 2008)(same).

Thomas and Kristeen Poole made the requisite application for their daughter's discharge within 90 days of her enlistment. Their daughter was not yet 18 years of age when their request was submitted. It is not significant that she turned 18 between the time of the parents' request for discharge and the filing of the petition in this Court. *See In re Falconer*, 91 F. 649 (D.C.N.Y. 1898) (failure of the father of a minor to seek relief by writ of habeas corpus until after his child was 18 years of age did not validate the enlistment); *see also In re Burns*, 87 F. 796 (1898) (continued service after the age of 18 does not constitute voluntary re-enlistment).

Petitioners are extremely likely to succeed on the merits.

III.     There is a significant threat of irreparable harm to petitioners

Absent injunctive relief, petitioners will be irreparably harmed. Hillary Poole will be harmed by being deprived of her liberty and being subjected to the risk inherent in military service, including but not limited to the risk of injury or death on account of her imminent deployment into combat circumstances in a foreign country. Thomas and Kristeen Poole are being deprived of their rights as their daughter's parents during and

after her minority, including but not limited to their right to prevent her induction into military service at the age of 17 years without the requisite consent of both of her parents.

  IV. The harm to petitioners outweighs any harm granting the injunction will inflict on respondents and the public interest favors entry of an injunction.[2]

  While respondents no doubt have an interest in directing soldiers, including deploying them to foreign countries, the harm to respondents by issuance of an injunction in this case is minimal, if any, because respondents do not have any right to maintain control and custody of Hillary Poole. To the contrary, they are statutorily obliged to discharge her.

  The public interest favors compliance with statutes and regulations. *See Yankton Sioux Tribe v. U.S. Army Corps of Engineers*, 209 F. Supp. 2d 1008, 1024 (D.S.D. 2002) ("[I]t is clearly within the public interest to require compliance with NAGPRA and its implementing regulations). Petitioners have shown they are likely to prevail on the merits of their claim that Hillary was enlisted unlawfully and that respondents were, and are, required by statute and regulation, to discharge her when her parents made a timely request. In addition, the statutory and regulatory obligations at issue here are in recognition of the fact that parents' right to raise their children is one of the oldest fundamental liberty interests recognized by the Supreme Court of the United States. *See Troxel v. Granville*, 530 U.S. 57, 65 (2000). Congress, in enacting a statute strictly

---

  2 The balance of harm and the public interest merge where the Government is the opposing party. *See Nken v. Holder*, 129 S.Ct. 1749, 1762 (2009)(in related context of application for a stay pending appeal).

regulating the condition under which a minor may enlist, and the Army, in promulgating regulations that further the statute, express the public interest in ensuring that minors are not inducted into military service without the consent of their parents. Temporary and preliminary injunctive relief in this case would further the same interest.

Respectfully submitted,

s/ Michael A. Gross
Michael A. Gross, #23600
34 North Brentwood Boulevard
Suite 207
St. Louis, Missouri 63105
(314) 727-4910
(314) 727-4378 facsimile
Cooperating Attorney for
    ACLU of Eastern Missouri

/s/ Burton W. Newman
Burton Newman, #22648
Burton Newman, PC
231 South Bemiston
Suite 910
St. Louis, Missouri 63104
(314) 863-4100
(314) 863-4340
Cooperating Attorney for
    ACLU of Eastern Missouri

/s/ Anthony E. Rothert
Anthony E. Rothert, # 44827
American Civil Liberties Union
    of Eastern Missouri
454 Whittier Avenue
St. Louis, Missouri 63108
(314) 652-3114
(314) 652-3112 facsimile

ATTORNEYS FOR PETITIONERS

## CERTIFICATE OF SERVICE

The undersigned counsel for petitioners certifies that on July 24, 2009, he sent copies of this document to the following by facsimile transmission, overnight parcel courier (for delivery on Monday, July 27, 2009), and first class mail, and that on July 24, 2009, he provided notice of the filing and service of this document to the following by telephone:

Matt J. Whitworth
Acting United States Attorney
Room 5510
400 E. 9th St.
Kansas City, MO 64106
Telephone: (816) 426-3122
Facsimile: (816) 426-4210

Michael Oliver
Assistant United States Attorney
Hammons Tower, Suite 500
901 St. Louis St.
Springfield, MO 65806
Telephone: (417) 831-4406
Facsimile: (417) 831-0078

                                                      /s/ Anthony E. Rothert